COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


STEPHEN SANTORO AND
 DONNA SANTORO
                                    MEMORANDUM OPINION*
v.    Record No. 1801-99-1              PER CURIAM
                                      FEBRUARY 8, 2000
PATSY OWENS


           FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                     AND COUNTY OF JAMES CITY
                     Thomas B. Hoover, Judge

           (Stephen Paul Santoro; Donna Starks Santoro,
           pro se, on brief).

           No brief for appellee.


     Stephen Santoro and Donna Santoro (the Santoros) appeal the

decision of the circuit court denying their Motion to Vacate the

April 21, 1993 custody order of the Juvenile and Domestic

Relations District Court for the City of Williamsburg and County

of James City (domestic relations court).  On appeal, the Santoros

contend the 1993 order of the domestic relations court was void

because the domestic relations court failed to appoint a guardian

ad litem to represent the children whose custody was at issue.

The Santoros also contend on appeal that the trial court erred by

failing to hear evidence on their motion.  Upon reviewing the

record and opening brief, we conclude that this appeal is without

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The record on appeal does not contain a transcript, but does include the Amended Written Statement of Facts signed by the trial judge.

Appointment of a Guardian ad Litem

The Santoros contend that the 1993 order of the domestic relations court was void because the court did not appoint a guardian ad litem as required by Code § 16.1-266(A).  The trial court found that the Santoros' Motion to Amend Custody did not require the appointment of a guardian ad litem under Code § 16.1-266(A).  We agree.

In pertinent part, Code § 16.1-266(A) provides:

> Prior to the hearing by the court of any case involving a child who is alleged to be abused or neglected or who is the subject of an entrustment agreement or a petition terminating residual parental rights or is otherwise before the court pursuant to subdivision A 4 of § 16.1-241, the court shall appoint a discreet and competent attorney-at-law as guardian ad litem to represent the child pursuant to § 16.1-266.1.

In contrast, subsection (D) provides:

> In all other cases which in the discretion of the court require counsel or a guardian ad litem to represent the interests of the child or children or the parent or guardian, a discreet and competent attorney-at-law may be appointed by the court.  However, in cases where the custody of a child or children is the subject of controversy or requires determination and each of the

-

> parents or other persons claiming a right to
> custody is represented by counsel, the court
> shall not appoint counsel or a guardian ad
> litem to represent the interests of the
> child or children unless the court finds, at
> any stage in the proceedings in a specific
> case, that the interests of the child or
> children are not otherwise adequately
> represented.

The record indicates that the Santoros repeatedly called the James City County Department of Social Services (DSS) during 1991 and 1992 with allegations of child abuse by the children's custodian, paternal grandmother Patsy Owens, and a paternal aunt. DSS determined that the complaints were unfounded. The matter pending before the domestic relations court at the time of the 1993 order was the Santoros' motion to change custody. Therefore, the case was not properly characterized as one involving "a child who is alleged to be abused or neglected" so as to come within the scope of Code § 16.1-266(A). Instead, it was a case "where the custody of a child or children is the subject of controversy" under Code § 16.1-266(D). Under the latter section, the trial court was not required to appoint a guardian <u>ad</u> <u>litem</u> for the child. Accordingly, the trial court properly found that there was no merit to the Santoros' argument that the unappealed 1993 order was void.

### Evidentiary Hearing

The Santoros also contend that the trial court erred by failing to conduct an evidentiary hearing on the "nature, source, and effects of abuse allegations made during the court of the

-

litigation that produced" the 1993 order.  Whether to receive evidence is a matter left to the discretion of the trial court, whose decision will not be reversed in the absence of an abuse of that discretion.  The question raised by the Santoros was strictly a question of law, not fact.  Therefore, the trial court did not abuse its discretion in refusing to conduct an evidentiary hearing.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>